UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **CV 12-8711-JFW**  
[CR 11-595-JFW]                                                     Date:  March 1, 2013

Title:     Atorbe Aaron Isibor  -v- United States of America

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                                **None Present**
   **Courtroom Deputy**                                          **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                                                  None

**PROCEEDINGS (IN CHAMBERS):**   ORDER VACATING AND RE-ENTERING JUDGMENT AND COMMITMENT ORDER;

ORDER DENYING AS MOOT PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY [filed 10/10/2012; Docket No. 1]

   On October 10, 2012, Petitioner Atorbe Aaron Isibor ("Petitioner") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Motion"), alleging that his counsel was ineffective because his counsel failed to file a Notice of Appeal despite Petitioner's alleged request to do so.  On December 26, 2012, the Government filed its Opposition.

   In reviewing this matter, the Court determined that Petitioner's Plea Agreement, filed August 12, 2011 [Docket No. 31], included a Limited Mutual Waiver of Appeal of Sentence.  Specifically, paragraph 17 of his Plea Agreement provides:

> 17. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 33 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $52,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation

or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

On November 14, 2011, the Court sentenced defendant to a term of 27 months, and thus, under the terms of his plea agreement, Petitioner waived his right to appeal the sentence imposed by the Court.

However, despite the clear waiver of Petitioner's right to appeal in his plea agreement, pursuant to *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2004), the Court cannot summarily deny Petitioner's Motion. Instead, the Ninth Circuit in *United States v. Sandoval-Lopez* gave the Court two options:

> The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

409 F.3d at 1198.

At the status conference on February 7, 2013, the Court discussed the status of the matter with the Government and requested the Government to file a supplemental response to Petitioner's Motion in light of the two options in *Sandoval-Lopez*. On February 21, 2013, the Government filed its Supplemental Response, advising that the Government did not object to the Court vacating and re-entering the Judgment and Commitment Order without a hearing and allowing Petitioner to file a Notice of Appeal, assuming without deciding that Petitioner's claim is true. Although the Government consents to this procedure, the Government contends that Petitioner's allegations are false and frivolous and that defense counsel acted competently and professionally in the underlying action and did not refuse any request from Petitioner to file a notice of appeal.

Given the enormous waste of scarce resources involved in conducting an evidentiary hearing in this case, and particularly the expense that would be incurred in transferring Petitioner from Big Springs, Texas to this District and the cost of appointing counsel to represent Petitioner at the hearing, the Court concludes that it is appropriate to adopt the second option suggested by the Ninth Circuit and allow Petitioner to pursue what the Court considers to be a patently frivolous appeal. Accordingly, the Court **VACATES and RE-ENTERS** the Judgment and Commitment Order originally entered on November 14, 2011 [Docket No. 44]. The Government shall immediately serve Petitioner with a copy of this Order and file a Proof of Service with the Court.

Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is **DENIED as moot**.

IT IS SO ORDERED.